UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAITLYN S.,[1]

                                              Plaintiff,                Case # 23-CV-1090-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
_____

## INTRODUCTION

Plaintiff Kaitlyn S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 5, 8. For the reasons that follow, Plaintiff's motion is GRANTED, and the Commissioner's motion is DENIED.

## BACKGROUND

In August 2016, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 71. She alleged disability since December 1996 due to several impairments. Tr. 71-72. Plaintiff's application was originally denied during administrative proceedings, but the case was remanded for further proceedings on appeal to the district court. Tr. 897-909. In June 2023,

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 3, 4.

1

Administrative Law Judge Stephan Bell ("the ALJ") issued a second decision, again finding that Plaintiff is not disabled. Tr. 820-30. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination

of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, he found that Plaintiff had not engaged in substantial gainful activity since August 2016, her application date. Tr. 822. At Step Two, the ALJ found that Plaintiff suffered from severe impairments of scimitar syndrome, migraines, conversion disorder, anxiety disorder, PTSD, and asthma. *Id.* At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 823.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of sedentary work. Tr. 824. At Step Four, the ALJ found that Plaintiff has no past relevant work. Tr. 829. At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 829-30. He therefore found that Plaintiff is not disabled. Tr. 830.

### II. Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ failed to properly analyze the opinion of treating physician Rick Magun, M.D. Because the Court agrees with Plaintiff's argument regarding Dr. Magun, it need not address her other arguments.

As stated above, this matter was remanded in September 2021 by the district court. Tr. 897-909. In February 2022, the Appeals Council issued an order to the ALJ, directing him to "take any further action needed to complete the administrative record and issue a new decision." Tr. 912. Additional medical evidence was obtained, including many records post-dating the ALJ's first decision in April 2019—*e.g.*, treatment notes for Plaintiff's migraines from a neurologist at Buffalo Medical Group, Tr. 1051-56; a medical opinion from Dr. Magun, Tr. 1026-31; treatment

4

notes from Dr. Magun's practice, Tr. 1730-66; an MRI scan showing "brain micro bleeds," Tr. 1780; and urgent-care records, Tr. 1803-11.

In his opinion, dated March 2023, Dr. Magun diagnosed Plaintiff with migraines without aura. Tr. 1026. He opined that Plaintiff would be unable to perform "all job functions" during migraine flare-ups, and that Plaintiff would be absent three times per month due to her migraines. Tr. 1030. Dr. Magun noted that Plaintiff's headaches worsened with bright lights and noise. Tr. 1027. He stated that his opinion was supported by the MRI scan. Tr. 1028.

The ALJ assigned "some weight" to Dr. Magun's opinion. The following is the sum total of the ALJ's rationale:

> Some weight is also assigned to the opinion of Rick Magun, MD, in regards to the impact of the claimant's migraines on her emotional state and ability to focus, noting that she would be unable to perform all job function during a disabling flare ups (20F/9). However, the mark that the claimant would miss work about three times a month is unsupported and inconsistent with the claimant's successful use of caffeine and medication to treat her migraines.

Tr. 828. The reference to caffeine and successful medication is derived from treatment notes from 2015, 2016, and 2018. *See* Tr. 331, 337, 340, 359, 442, 829. The ALJ does not discuss or even cite any records pertaining to the post-remand period, except to observe that on one occasion in July 2019, Plaintiff helped her family "repair a flagpole in the yard." Tr. 1564; *see also* Tr. 829.

The Court concludes that the ALJ violated the treating physician rule, necessitating remand for further proceedings.

For claims filed before March 27, 2017, an ALJ must give a treating physician's opinion regarding the nature and severity of a claimant's impairments controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating

5

physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (noting the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, the ALJ must "explicitly consider" "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Guerra v. Saul*, 778 F. App'x 75, 76–77, 76 n.2 (2d Cir. 2019) (summary order) (brackets in original). Failure to do so constitutes "procedural error warranting remand unless a searching review of the record assures the reviewing court that the substance of the treating physician rule is not traversed." *Id.* at 77.

In this case, the ALJ failed to explicitly consider the amount of medical evidence that supported Dr. Magun's opinion. He merely writes, without elaboration, that Dr. Magun's claim about work absences is "unsupported." Tr. 828. Furthermore, the Court is not assured that the ALJ followed the treating physician rule in substance. *See id.* Indeed, as noted above, it appears that the ALJ entirely ignored the medical evidence post-dating the prior decision. *See Brauer v. Comm'r of Soc. Sec.*, No. 17-CV-1288, 2019 WL 3074060, at *5 (W.D.N.Y. July 15, 2019) (stating that "the ALJ may not ignore or mischaracterize evidence of a person's alleged disability"). While it is true that an ALJ "need not mention every item of [evidence] presented," *id.*, the complete silence in the ALJ's decision of the more recent medical records is concerning. The fact that the ALJ's summary of the medical evidence is nearly identical in both decisions fails

to give the Court confidence that he meaningfully considered the new records when he evaluated Dr. Magun's opinion. *See* Tr. 32-33, 826-28.

The ALJ's error cannot be considered harmless. The more recent records provide support for Plaintiff and Dr. Magun's claim of frequent, debilitating migraines. *See, e.g.*, Tr. 853. These records disclose Plaintiff's more recent complaints about the severity of her migraines, *see, e.g.*, Tr. 1739, 1742, 1748, and the significant medications and other treatment Plaintiff recently received for her headaches, including trigger point injections, Tr. 1736. In 2020 and 2022, Plaintiff obtained MRIs, which showed "brain micro bleeds," Tr. 1780-82, and which one provider identified as revealing "significant abnormalities." Tr. 1740. Dr. Magun cited the MRI scans as supportive of his opinion, Tr. 1028, but there is no indication that the ALJ took the scans, or any of the other more recent medical records, into consideration. The ALJ erred when he ignored these records in assessing Dr. Magun's treating opinion.

Accordingly, remand for further proceedings is warranted.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 5) is GRANTED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 11, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York